**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leroy JACKSON, Defendant–Appellant.**

**No. 93–1311.**

United States Court of Appeals, Tenth Circuit.

June 6, 1994.

Raymond P. Moore, Asst. Federal Public Defender, (Michael G. Katz, Federal Public Defender, with him on the brief), Denver, CO, for defendant-appellant.

Thomas M. O'Rourke, Asst. U.S. Atty., (James R. Allison, U.S. Atty., with him on the brief), Denver, CO, for plaintiff-appellee.

Before MOORE and KELLY, Circuit Judges, and BRIMMER, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Mr. Jackson, convicted by a jury of four counts of mail fraud under 18 U.S.C. §§ 1341, 2, challenges the sufficiency of the evidence on counts two through four and the calculation of loss for sentencing and the restitution award. The jury acquitted him on count one; count five essentially goes unchallenged. He received a 20–month sentence and was ordered to pay restitution in the amount of $54,135.68. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the conviction on count five, remand for resentencing on that count, and reverse on counts two through four.

Briefly, Mr. Jackson had a power of attorney from his aging father and cashed his father's pension checks for his own use while his father was alive and after his father's death in 1982. Mr. Jackson maintains that he had no knowledge of his father's death before 1990. We view the evidence in the light most favorable to the government to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt in light of the direct and circumstantial evidence. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *United States v. Slater,* 971 F.2d 626, 630–31 (10th Cir.1992).

† The Honorable Clarence A. Brimmer, Jr., United States District Judge for the District of Wyoming, sitting by designation.

## I. Mail Fraud

18 U.S.C. § 1341 requires proof of two elements: " '(1) a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises; and (2) use of the United States mails for the purpose of executing the scheme.' " *United States v. Brown*, 943 F.2d 1246, 1253 (10th Cir.1991) (quoting *United States v. Cardall*, 885 F.2d 656, 679 (10th Cir.1989)). The "scheme" charged in the indictment had the following parameters:

> Defendant LEROY JACKSON obtained and misappropriated his father's retirement checks from the [Union] by failing to inform [the Union] that his father had died and by falsely representing to the [Union] and others that his father was alive and residing with him.

I R. doc. 1 at 2.

The government has not met its burden of proving the scheme as defined in the indictment. The only evidence that Mr. Jackson knew his' father was dead was testimony concerning an August 9, 1990 phone call wherein the Union informed Mr. Jackson that his father was dead. The government conceded this at oral argument and suggested that we infer Mr. Jackson's knowledge for the prior eight years. Without knowledge of his father's death and armed with a power of attorney, the validity of which goes unchallenged in these proceedings, Mr. Jackson's actions prior to this date cannot be part of the alleged "scheme to defraud." Thus, Mr. Jackson will only be held liable for any fraudulent action he took after he received notice of his father's death. *See United States v. Lamont*, 565 F.2d 212, 227 (2d Cir.1977) (upholding instruction that good faith defense is viable only until contrary knowledge arises and representations persist), *cert. denied*, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978).

The government alleges in its indictment that the statements Mr. Jackson made to the Western Union agent—that his father was ill and, although living with him, was unable to cash the check in person—were false representations made in furtherance of the scheme to defraud. I R. doc. 1, ¶ 8; II R. at 92. While obviously untrue, these statements are insufficient to further a scheme to defraud because the government has proven only that Mr. Jackson knew his father was not living *with him;* these statements do not prove that Mr. Jackson was aware of his father's death. With a presumably valid power of attorney and absent proof of knowledge that his father was dead, these statements are immaterial. *See* III R. at 293 (jury instruction definition of "false or fraudulent pretenses, representations or promises" requiring materiality). The same holds true for Mr. Jackson's response to the Union's audit form.

The evidence is insufficient to uphold the convictions on counts two through four. The conviction on count five, based on an event occurring after the August 9, 1990 phone call, is supported by sufficient evidence.

## II. Sentence

The absence of any evidence of the fraudulent scheme prior to 1990 either at trial or in the presentence report limits the amount of loss properly included under U.S.S.G. § 2F1.1. The district court's loss calculation was based on the total amount of the checks cashed by Mr. Jackson after his father's death, minus the acquitted count. We do not address the propriety of this formula. Instead, we note that, because there is no permissible inference of a scheme prior to 1990, *see* U.S.S.G. § 2F1.1, comment. (n.7), the calculation of loss must now be limited to any loss actually incurred or intended after the August 9, 1990 phone call.

Similarly, the restitution award must be adjusted. Based on the "loss sustained by a victim as a result of the offense," 18 U.S.C. § 3664(d), the award must be limited to count five, on which the government has met its burden by a preponderance of the evidence. *Id.*

We AFFIRM the conviction on count five, but remand with instructions to vacate the sentence and resentence in a manner consistent with this opinion. We REVERSE the convictions on counts two through four and

REMAND with instructions to enter a judgment of acquittal on those counts.